# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1253V
Filed: March 14, 2019
UNPUBLISHED

| | |
|---|---|
| KEHKAHSAN KHATOON,<br><br>                       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                       Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Scott William Rooney, Nemes, Rooney, PC, Farmington Hills, MI, for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On September 14, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza vaccine administered on September 19, 2014. Petition at 2. On January 24, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 64.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 7, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 61. Petitioner requests attorneys' fees in the amount of $7,289.00 and attorneys' costs in the amount of $1,155.42. *Id.* at 2. Additionally, in accordance with General Order #9, petitioner's counsel represented that petitioner incurred $63.00 in out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $8,507.42.

On February 8, 2019, respondent filed a response to petitioner's motion. ECF No. 67. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On February 18, 2019, petitioner filed a reply. ECF No. 69. Petitioner states that "the reasonableness for the costs and fees is supported by the fact that the amount expended for medical records is clearly reasonable." *Id.* at 1.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

### I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel

2

"should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Attorney Fees

### A. Travel Time

Mr. Rooney listed two line item entries with the language "including travel" in his request for fees.³ ECF No. 61 at 8 and 11. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* As these entries are blocked with other worked it is impossible for the undersigned to determine the amount of time spent traveling. Therefore, the undersigned reduces the total of both entries by half, reducing the request for attorney fees by **$800.00**.

## III. Attorney Costs

### A. Duplicate Entries

The undersigned has reviewed the request for attorney costs incurred by Mr. Rooney in the case, such as expenses for medical records, photocopying, postage. Upon review of the request for costs, it appears that duplicate line entry requests for costs were submitted. These entries are dated March 10, 2016, "HealthPort – DMC Sports Medicine" for $40.12 and August 21, 2018, "CIOX Health – DMC Sports Med Radiology" for $28.19. ECF No. 61 at 12 and 14. As there is only documentation to support one request for each entry, the undersigned reduces the request for costs by **$68.31**, the total of the duplicated costs requests.

### B. Administrative Costs

The undersigned also reduces several requested expenses as administrative, such as costs associated with "Fax/Scan." *Id.* at 12-15. In the undersigned's view,

---

³ The first entry is dated September 28, 2017 for 3 hours and listed as "Conference with client (including travel); draft pleading." ECF. No. 61 at 8. The second entry is dated December 28, 2018 for 2 hours and listed as "Conference with client (including travel)". *Id.* at 11.

3

these claimed costs by Mr. Rooney are better categorized as overheard expenses inherent in operating a law firm, and thus not compensable. *See Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 (Fed. Cl. May 11, 2017) (noting that the operation of a fax machine is part of a law firm's general overhead). This results in a reduction of **$118.75**, the total of the entries listed as "fax/scan."

### IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $7,520.36[4] as follows:**

- **A lump sum of $7,457.36, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Scott W. Rooney; and**

- **A lump sum of $63.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.